UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TREASURER, TRUSTEES OF DRURY INDUSTRIES, INC. HEALTH CARE PLAN AND TRUST, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:09CV00121 SNLJ |
| SEAN GODING and CASEY & DEVOTI, P.C., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed a second motion for summary judgment in this matter against defendant Casey & Devoti ("Casey") (#46), more than a year after this Court granted summary judgment to and dismissed Casey from this case (#42). In fact, because plaintiff dismissed the sole remaining defendant from this matter on March 16, 2011, this matter is currently designated as closed.

Plaintiff contends that "new authority" justifies its second motion for summary judgment. Plaintiff further contends that its second motion is proper pursuant to *White Consolidated Industries, Inc. v. McGill Manufacturing Co.*, 165 F.3d 1185, 1189 (8th Cir. 1999), which held that summary judgment orders are generally not appealable "after trial and judgment" because they are interlocutory in nature. There was no trial in this matter because defendant Casey was dismissed as a party, so *White Consolidated Industries* is clearly inapposite. Federal Rule of Civil Procedure 56(b) states that "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." The Case Management Order in this case (#26) stated that summary

judgment motions were due on November 6, 2009. Plaintiff filed its "second motion" for summary judgment on March 15, 2011.

Moreover, none of plaintiff's newly-cited authority is in fact new. Plaintiff places great weight in *Boeing Co. v. Thurmon*, No. 4:9cv1456, 2009 WL 4782085 (E.D. Mo. Dec. 7, 2009), which was actually entered *before* briefing was even completed on plaintiff's original motion for summary judgment. Plaintiff also states that a United States Supreme Court case from 2006, *Sereboff v. Mid. Atl. Med. Servs.*, 547 U.S. 356 (2006), overturned the two cases on which this Court relied in its opinion granting summary judgment to Casey. Plaintiff does not explain why it was prevented from making these arguments earlier. Indeed, the Court cited and considered *Sereboff* in its March 1, 2010 opinion.

Notwithstanding plaintiff's inexplicably tardy motion — which is essentially a motion to reconsider — the Court has reviewed the cited authority and the analysis plaintiff set forth and finds that the motion fails. With respect to *Boeing*, the court denied a motion to dismiss, holding simply that the plaintiff plan "states a claim for 'appropriate equitable relief' under § 1132(a)(3), and is sufficient to create an equitable lien." 2009 WL 4782085, at *5. The *Boeing* court did not consider whether the lien was enforceable against the injured party's attorney, just that the plan had stated a claim. Neither *Boeing* nor *Sereboff* suggest a different result is merited in this case on summary judgment. As this Court held in its original order, relying on *Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Gentner*, 50 F.3d 719 (9th Cir.1995),

> plaintiff claims that its correspondence with Casey (the extent and circumstances of which are uncontested) was sufficient to establish the existence of an "equitable lien by agreement" that is binding on Casey. This Court disagrees. The critical parts of the correspondence are Casey's representations that "[w]e are not challenging [the Plan's]

> right to reimbursement/subrogation" and, in separate correspondence, "[t]his will confirm that we do acknowledge Drury Inns, Inc.'s lien in this matter" ... [T]he correspondence consists of nothing more than a simple acknowledgment that the plaintiff held a lien against the settlement proceeds by virtue of its subrogation agreement with Goding. Again, Casey was not a party to that subrogation agreement, and there is no other evidence of a professional or contractual relationship between plaintiff and Casey that would support a duty to plaintiff. And, as held in *Gentner*, mere notice or knowledge of the subrogation agreement or lien does not constitute an implied contract. Ultimately, although Casey acknowledged the lien, it did not agree to honor or protect the lien. Therefore, as a matter of law, the evidence does not support the existence of an equitable lien by agreement.

(#42 at 4.)

Indeed, the *Gentner* holding has been upheld since the *Sereboff* decision. The Ninth Circuit — considering the very issue plaintiff raises here — stated, albeit over a dissent, "We disagree. *Sereboff* concerned claims against plan beneficiaries, parties who were bound by the plan terms. *Sereboff* did not undermine the logic of *Gentner*, which dealt with lawyers who are not parties to the plan." *AC Houston Lumber Co. Employee Health Plan v. Berg*, No. 10-15170, 2010 WL 5439786, 407 Fed. Appx. 208, 210 (9th Cir. Dec. 29, 2010) (internal citations omitted).

Plaintiff's second motion for summary judgment will be denied.

Dated this  19th  day of May, 2011.

                                                              STEPHEN N. LIMBAUGH, JR.
                                                            UNITED STATES DISTRICT JUDGE