UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TREASURER, TRUSTEES OF DRURY INDUSTRIES, INC. HEALTH CARE PLAN AND TRUST, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:09CV00121 SNLJ |
| SEAN GODING and CASEY & DEVOTI, P.C., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter was brought by plaintiff Treasurer of the Trustees of Drury Industries, Inc. Health Care Plan and Trust ("Drury") against defendant Sean Goding and Casey & Devoti, P.C. ("Casey"), who were Goding's attorneys in a law suit that sought damages for injuries Goding suffered as the result of a fall. Goding recovered a sum of money as part of the settlement of that personal injury case, and plaintiff Drury sought to recover from Goding and his attorneys under the Employee Retirement Income Security Act of 1974 ("ERISA") an amount of money equivalent to the medical benefits paid on Goding's behalf for the treatment of Goding's injuries.

The Court ordered plaintiff and defendant Casey to brief the issue of whether final judgment had issued in this matter (#67). This matter is also before the Court on defendant Casey's Motion for Attorney's Fees (#56).

**I. Final Judgment**

At the outset, the Court must note that plaintiff inexplicably argues that this matter should have been stayed as to defendant Casey while the matter was stayed as to defendant Goding

during Goding's bankruptcy proceedings. Seeking to proceed against defendant Casey despite defendant Goding's bankruptcy, *plaintiff* filed a "Notice" to the Court on December 30, 2009 (#39), just after Goding's Suggestion of Bankruptcy was filed, stating (correctly!) that

> The Eighth Circuit follows the rule that an automatic stay under Section 362 "is not available to nonbankrupt codefendants, 'even if they are in a similar or factual nexus with the debtor.'" *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992).

Now, plaintiff apparently seeks the perceived benefit of a stay that plaintiff itself actively argued against in 2009. Plaintiff cites an unpublished district court opinion from Louisiana in support — an opinion that states "automatic stays to non-bankrupt co-defendants issue only in unusual situations" and that actually culminates in the Court lifting the automatic stay against the non-debtor parties. *See Greenfiled Commer. Credit, L.L.C. v. Catlettsburge Ref., L.L.C.*, No. 03-3391, 2005 U.S. Dist. LEXIS 36477, at *6 (E.D. La. Oct. 10, 2005). Plaintiff's counsel's questionable practice here — of brazenly changing its tune and then essentially misrepresenting the law to the Court — is, at best, irritating, and, at worst, sanctionable.[1]

However, the matter at hand is whether plaintiff has missed his window of opportunity for appealing this Court's judgment, a window that closes 30 days after the judgment or order appealed from is entered. *See* Fed. R. App. Pro. 4(a)(1). A judgment or order is "entered" for those purposes when, assuming Federal Rule of Civil Procedure 58(a)(1) requires a separate order (as it does here), "the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order." Fed. R. App. Pro. 4(a)(7).

---

[1]The Court directs counsel's attention to Missouri Supreme Court Rule 4-3.3(a)(2), which states "a lawyer shall not knowingly...fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

Notably, a "judgment" is defined in the Rules as "any order from which an appeal lies." Fed. R. Civ. Pro. 54(b). "Every judgment...must be set out in a separate document." Fed. R. Civ. Pro. 59(a). This Court issued a separately docketed order granting summary judgment to defendant Casey on March 1, 2010 (#43). Then, this Court issued another separately docketed order entering the plaintiff's voluntary dismissal of the sole remaining defendant, Sean Goding, on March 17, 2011 (#50). At that point, all claims were finally decided against all parties. Thus, although not specifically labeled a "judgment," the March 17, 2011 Order might have constituted a judgment because it dismissed all claims against the last remaining defendant. *See Auto Services Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008).

Nonetheless, plaintiff seems to contend that its various motions extended its time for appeal. As for the "Second Motion for Summary Judgment," filed March 15, 2011, that motion was filed without leave of court and well after the time for filing dispositive motions had passed. Moreover, it essentially consisted of reargument. However, rather than striking the motion, the Court denied the motion on the merits on May 19. Then plaintiff filed its Motion for Reconsideration on June 16, which, although it was entirely reargument, was filed exactly 28 days after the Court entered its order denying the Second Motion for Summary judgment and thus in compliance with Rule 59(e)'s time requirement. As a result, the Court, out of an abundance of caution, holds that final judgment in this case was entered on May 19, and that it was tolled by the filing of the (entirely duplicative) Motion for Reconsideration.

The Court will therefore enter final judgment in favor of defendant Casey at this time and in a separately docketed order. The matter of attorney's fees remains; however, that matter will not delay entry of final judgment pursuant to Federal Rule of Civil Procedure 58(e).

## II.     Attorney's Fees

Defendant Casey filed its motion for attorneys' fees on May 26, 2011, pursuant to 29 U.S.C. § 1132(g)(1). That statute states that "In any action under this subchapter [ERISA] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee." The United States Supreme Court recently reaffirmed that such an award of attorney's fees are available to either party, so long as the fee claimant has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2152 (2010).

Defendant Casey is the prevailing party in this matter, having obtained summary judgment on March 1, 2010. But counsel for defendant Casey was not finished with their work on this case: Counsel was also compelled to respond to the plaintiff's "Second Motion for Summary Judgment," which was filed on March 15, 2011, more than a year after the Court's first grant of Summary Judgment to Casey. After the Court denied that Motion, defendant Casey was again compelled to respond to plaintiff's "Motion for Reconsideration," filed June 16, 2011. As stated above, by that time, the Motion for Reconsideration was entirely reargument. Plaintiff blames the peculiar timing of his motions, at least in part, on the fact that this matter was not stayed as to defendant Casey after defendant Goding filed for bankruptcy — again, the Court finds that explanation to be particularly remarkable given that plaintiff notified the Court that the stay did *not* apply to Casey in its December 30, 2009 filing.[2]

Defendant Casey's attorneys are Matthew Devoti and Thomas Casey. According to their motion and supporting documents, as of May 26, Devoti had spent 67.9 hours working on this

---

[2] Furthermore, plaintiff acknowledged just a few months ago, in its Notice of Termination of Bankruptcy Proceedings on March 15, 2011 (#48), that "*Drury* gave notice to this Court that the automatic stay did not extend to Casey & Devoti, P.C." (Emphasis added.)

case; Casey had spent 5.5 hours on this matter. Devoti's hourly billing rate is $250 per hour and Casey's hourly rate is $300 per hour. Defense counsel states that the value of Devoti's time expended as of May 26 was $16,975, and the value of Casey's time on this case was $1,650. Thus, defense counsel requests $18,625 in attorneys' fees.

Defense counsel relies on five non-exclusive factors for the Court's consideration of attorney's fees, as articulated by the Eighth Circuit in *Starr v. Metro Systems, Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006). Those factors are:

> (1) the degree of culpability or bad faith of the opposing party;
> (2) the ability of the opposing party to pay attorney fees;
> (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances;
> (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA relief; and
> (5) the relative merits of the parties' positions.

*Id.* Defendant Casey asserts that all five factors weigh heavily in favor of an award of attorney's fees, particularly in light of clearly established Eighth Circuit law that Casey owed no duty to plaintiff. Naturally, plaintiff opposes Casey's request for attorney's fees.

First, plaintiff contends that because defendant Casey — a law firm — represented itself, defendant cannot recoup its attorney's fees. In support, plaintiff cites to a California Supreme Court case, *Trope v. Katz*, 11 Cal. 4th 274, 292 (Cal. 1995), and an unpublished Seventh Circuit case, *Bensman v. United States Fish & Wildlife Serv.*, No. 02-1395, 49 Fed. Appx. 646, 2002 WL 31430286, at *3 (7th Cir. Oct. 28, 2002). In *Trope*, the California Supreme Court held that attorney's fees were unavailable to a law firm representing itself because, under the relevant statute, no attorney's fees had been "incurred" as they would have been had the law firm retained

outside counsel. 11 Cal. 4th at 281-82. The *Bensman* court was also faced with a statute, the Freedom of Information Act, which most Circuit Courts of Appeal have held does not permit attorney's fees to be awarded to *pro se* litigants who are not attorneys. *See Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir. 1983) (collecting cases, including *Davis v. Parratt*, 608 F.2d 717 (8th Cir.1979), which held that inmate could not recover attorney's fees to cover his *pro se* work under civil rights attorney's fee statute, 42 U.S.C. § 1988(b)[3]). Like the California statute, the FOIA statute refers to fees "incurred," and the *pro se* litigant does not "incur" fees if outside counsel is not retained. The statute in question, here, however, contains no such language. *See* 29 U.S.C. § 1132(g)(1).

This Court has been unable to find any Eighth Circuit authority speaking to either the availability of attorney's fees to *pro se* litigants in ERISA cases or whether that rule might be different for attorneys who represent their own firm. Defendants did not file a reply memorandum, and plaintiff's brief cited only two non-precedential cases. Significantly, the United States Supreme Court has held that an attorney representing himself is ineligible for attorney's fees under the civil rights statute, 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432 (1991). The Supreme Court rested its conclusion on three principles: (1) that an "attorney" whose fees would be reimbursable under § 1988 "assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as a predicate for an award under § 1988"; (2) that the purpose of fee-shifting statutes such as § 1988 was to "enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights"; and

---

[3]Notably, the United States Supreme Court later held that an attorney representing himself is ineligible for attorney's fees under 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432 (1991).

(3) that the award of fees to only litigants who retained independent counsel ensures "effective prosecution of meritorious claims," noting that even skilled lawyers are at a disadvantage where they represent themselves. *Id.* at 436-37; *see also Bond v. Blum*, 317 F.3d 385, 399 (4th Cir. 2003).

However, Casey & Devoti, P.C. is not an individual representing him or herself *pro se.* As the Supreme Court explained in *Kay*, "an organization is not comparable to a *pro se* litigant because the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship." 499 U.S. at 436 n.7. Although Casey & Devoti, P.C. is denominated both as named defendant and as the firm's counsel, the attorneys performing the work may be considered as having acted as the firm's in-house counsel. Indeed, at least three Circuits have held that law firms may recoup attorney's fees in certain situations even where the firm represents itself. *Bond*, 317 F.3d at 399 (holding for the Fourth Circuit that law firm could recover under the Copyright Act); *Baker & Hostetler LLP v. U.S. Dept. of Commerce*, 473 F.3d 312, 326 (D.C. Cir. 2006) (holding that law firm that represented itself could recover FOIA attorney's fee award); and *Gold, Weems, Bruser, Sues & Rundell v. Metal Sales Mfg. Corp.*, 236 F.3d 214, 218-19 (5th Cir. 2000) (holding that law firm that represented itself could recover attorney's fees under state statute in diversity case). This Court has found no Circuit Court that has held otherwise. The Court holds that Casey & Devoti, P.C. is entitled to recover its attorney's fees as a prevailing party under the ERISA statute.

Second, plaintiff argues that none of the five factors articulated above mitigate in favor of awarding attorney's fees to Casey. Although the Court is not convinced that Casey is entitled to the entirety of its attorney's fees, the Court believes that plaintiff caused defendant Casey to

unnecessarily incur additional litigation expenses subsequent to plaintiff's filing its Motion for Reconsideration. By that time, Casey had prevailed not once, but twice, and the Motion for Reconsideration was by then entirely reargument and without merit. Therefore, the Court will grant defendant Casey the fees it incurred since receiving plaintiff's Motion for Reconsideration. Because defendant Casey's fee records are current only through May 24, 2011, Casey is instructed to provide updated timesheets through and including July 15, 2011 for the Court's consideration

Accordingly,

**IT IS HEREBY ORDERED** that defendant Casey shall file with the Court updated timesheets for this matter, through and including July 15, 2011, within 14 days of the date of this Order.

Dated this 27th day of July, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE