UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TREASURER, TRUSTEES OF DRURY INDUSTRIES, INC. HEALTH CARE PLAN AND TRUST, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 1:09CV00121 SNLJ ) |
| SEAN GODING and CASEY & DEVOTI, P.C., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Final judgment was entered in this case on July 27, 2011.  Pursuant to Federal Rule of Appellate Procedure 4, plaintiff Treasurer of the Trustees of Drury Industries, Inc. Health Care Plan and Trust, had 30 days to file its Notice of Appeal to the United States Court of Appeals for the Eighth Circuit.  The deadline, therefore, for filing a Notice of Appeal in this case was August 26, 2011.  However, plaintiff filed its Notice of Appeal on August 29, 2011.

Plaintiff filed a Motion for Extension of Time to Appeal and Excuse Untimely Filing of Notice of Appeal on September 1, 2011 (#79) pursuant to Rule 4(a)(5).  Plaintiff explains that counsel utilized a Microsoft calendar program to calculate 30 days from the date of judgment in this case, and that the program calculated a deadline of August 27, 2011, which was a Saturday. As a result, counsel calendared the deadline for the following business day, Monday, August 29, 2011.  Counsel became aware that it had filed plaintiff's Notice of Appeal one business day late after receiving a letter from defense counsel on August 31.

Rule 4(a)(5) states that a district court may extend the time to file a notice of appeal so

long as the party moves no later than 30 days after the original filing deadline and shows excusable neglect or good cause.  The Supreme Court set out the standard for showing excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993), holding that excusable neglect "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *See also Ceridian Corp. v. SCSC Corp*. 212 F.3d 398, 403 (8th Cir. 2000).  "Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395 (citations and footnotes omitted)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (quoting *Pioneer*, 507 U.S. at 392 (internal quotations and footnotes omitted)).  The district court weighs factors including "the danger of prejudice..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

      Mistakes of fact may often be considered excusable neglect.  *Ceridian*, 212 F.3d at 404 (collecting cases).  The Court holds that plaintiff's mistaken reliance on calendar software used to calculate the deadline is excusable neglect under the circumstances here.  Furthermore, the delay caused by the mistake was minimal, as is any prejudice to the defendant or impact on judicial proceedings.  Plaintiff also appears to have acted in good faith.  Although plaintiff might have manually counted the days to double-check the calendaring software, and as such the

mistake was within counsel's control, the Court will grant plaintiff's motion based on counsel's excusable neglect.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Extension of Time to Appeal and Excuse Untimely Filing of Notice of Appeal, dated September 1, 2011 (#79), is **GRANTED**.

Dated this   2nd   day of September, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE