UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TREASURER, TRUSTEES OF DRURY INDUSTRIES, INC. HEALTH CARE PLAN AND TRUST, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 1:09-CV-121 SNLJ ) |
| SEAN GODING and CASEY & DEVOTI, P.C., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Casey & Devoti, P.C.'s Motion for Relief from Order Excusing Plaintiff's Untimely Filing of Notice of Appeal, filed September 9, 2011 (#82).  Plaintiff has filed a response, but defendant Casey has not filed a reply, and the time for doing so has passed.

To recap the procedural history of this case, final judgment was entered in this case on July 27, 2011.  Pursuant to Federal Rule of Appellate Procedure 4, plaintiff Treasurer of the Trustees of Drury Industries, Inc. Health Care Plan and Trust, had 30 days to file its Notice of Appeal to the United States Court of Appeals for the Eighth Circuit.  The deadline, therefore, for filing a Notice of Appeal in this case was August 26, 2011.  However, plaintiff filed its Notice of Appeal on August 29, 2011.

Then, plaintiff filed a Motion for Extension of Time to Appeal and Excuse Untimely Filing of Notice of Appeal on September 1, 2011 (#79) pursuant to Rule 4(a)(5).  Plaintiff explained that counsel utilized a Microsoft calendar program to calculate 30 days from the date

of judgment in this case, and that the program calculated a deadline of August 27, 2011, which was a Saturday. As a result, counsel calendared the deadline for the following business day, Monday, August 29, 2011. Counsel became aware that it had filed plaintiff's Notice of Appeal one business day late after receiving a letter from defense counsel on August 31.

This Court granted plaintiff's motion for an extension of time on September 2, 2011 (#81).

Defendant Casey then filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(6) requesting that the Court reconsider and revise its September 2 Order that excused plaintiff's untimely filing of its Notice of Appeal. Defendant cites to an Eighth Circuit case — *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457 (8th Cir. 2000) — in which the Court of Appeals reverses a district court's grant of a Rule 4(a)(5) motion based on excusable neglect. This Court did not address *Lowry* in its September 2 Order, nor did plaintiff cite or distinguish *Lowry* in its motion. In *Lowry*, as in the present case, the plaintiff miscalculated the deadline in which to file the Notice of Appeal by one business day. In that case, plaintiff's counsel presented a number of strange and nonsensical excuses for his tardy filing of the notice of appeal, which involved the rule for when the counting begins, a "miscalculation due to weekend time and the calculations thereto," and miscalculations due to "the weekend and the number of days in the month of June." *Id.* at 463-64. The Eighth Circuit characterized the mistake, however, as "garden-variety attorney inattention" and stated that "experienced counsel's misapplication of clear and unambiguous procedural rules" did not constitute excusable neglect. *Id.* at 464.

Defendant argues that, as in *Lowry*, plaintiff's counsel's mistake here was the kind of "garden-variety attorney inattention" that should not be excused under Federal Rule of Appellate

Procedure 4(a)(5).  The Court disagrees.  Plaintiff's counsel's motion and supporting documents show that counsel knew what the rules were, and how to apply them, but that counsel mistakenly relied on apparently faulty calendar software.  Taking counsel's excuse at face value, it is distinguishable from the *Lowry* situation, in which plaintiff really did not have any excuse at all — and the excuses that it did give were characterized by that Court as mistakes of law and misapplication of the rules.  As the *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 392 (1993), Court stated, "inadvertence, ignorance, or mistakes construing the rules do not usually constitute 'excusable' neglect."  The *Lowry* Court construes counsel's mistake as one concerning the rules, whereas here, the mistake was factual in nature.

    Just a year before *Lowry*, the Eighth Circuit upheld as excusable neglect a party's day-late filing of a motion for attorney's fees, applying the *Pioneer* factors and noting that the reason for the day-late filing was a simple miscalculation of the deadline.  *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855-56 (8th Cir.1999).  Notably, the Court did not articulate in *Lowry* that it was changing or tightening the rule for excusable neglect, so the mere fact that it was published after *Ceridian* and other cases relied on by this Court in its Order #81 does not suggest a different result.  In addition, no case supplied by the parties, nor any located by this Court, suggest that a higher standard for excusable neglect applies where a Notice of Appeal deadline is at issue.  Although "the time limits detailed in [Rule 4] are 'mandatory and jurisdictional,' ... [u]nder the terms of the rule...the district court may extend the time for filing notice of appeal" as set out by Rule 4(a)(5).  *Lowry*, 211 F.3d at 462 (quoting *Browder v. Drector, Dep't of Corrections*, 434 U.S. 257, 264 (1978)).  Because Rule 4(a)(5) permits an extension of time for "excusable neglect," and because mistakes of fact such as here are excusable under *Pioneer* and other Eighth

Circuit precedent, plaintiff's mistaken reliance on calendaring software was a mistake of fact and thus constitutes excusable neglect.  *See Ceridian Corp. v. SCSC Corp*. 212 F.3d 398, 403 (8th Cir. 2000).  The Court therefore declines to reconsider its September 2 Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Casey & Devoti, P.C.'s Motion for Relief from Order Excusing Plaintiff's Untimely Filing of Notice of Appeal, filed September 9, 2011 (#82), is **DENIED**.

Dated this   29th   day of September, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE